ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JADIEL ALAMO ARROYO<br><br>PETICIONARIO<br><br>v.<br><br>HON. ELEXIS TORRES, EN SU CARÁCTER OFICIAL DE SECRETARIO DEL DEPARTAMENTO DE SEGURIDAD PÚBLICA (DP); CORONEL ANTONIO LÓPEZ EN SU CARÁCTER DE COMISINADO DE LA POLICÍA DEL NEGOCIADO DE LA POLICÍA<br><br>DEMANDADOS | KLRX202400013 | *Mandamus* procedente del Negociado de la Policía<br><br><br>Caso Núm. 21P-58<br><br><br><br>Sobre:<br><br>Expulsión |

Panel integrado por su presidenta, la jueza Ortiz Flores, la jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nosotros el señor Jadiel Álamo Arroyo (Sr. Álamo Arroyo; peticionario) y nos solicita que expidamos el recurso extraordinario de *mandamus* perentoriamente, que ordenemos al Departamento de Seguridad Pública y al Negociado de la Policía a reinstalar al peticionario a su lugar de trabajo y que le devolviera todos los haberes dejados de percibir.

Adelantamos que, por los fundamentos que expondremos a continuación, se desestima el recurso de *mandamus*.

**I**

El Sr. Álamo Arroyo, ex-agente del cuerpo de la Policía de Puerto Rico (Policía), fue expulsado por habérsele hallado positivo a marihuana en una prueba de dopaje.[1] Este apeló oportunamente la decisión ante la Comisión de Investigación, Procesamiento y Apelación (CIPA).[2] El 26 de enero de 2023, por el reiterado incumplimiento de la Policía con las órdenes

---

[1] Apéndice del recurso, pág. 1.
[2] Apéndice del recurso, págs. 1-4.

Número Identificador
SEN2024_____

de la CIPA y la ausencia total de prueba, se expidió una *Resolución* que revocó la expulsión impuesta al peticionario.[3] Dicha *Resolución* advino final y firme.[4] El Sr. Álamo Arroyo reclama que, a pesar de sus esfuerzos, la Policía no ha cumplido con lo resuelto por la CIPA en cuanto a reinstalarlo a su puesto y realizar los pagos de salarios y haberes dejados de percibir durante la expulsión. Por tal motivo, acude ante nosotros mediante un recurso de *mandamus* en aras de ordenar a la Policía a cumplir con la *Resolución* emitida por la CIPA.

**II**

**A.**

El recurso de *mandamus* es un auto discrecional y altamente privilegiado mediante el cual se solicita que se ordene a una persona o personas naturales, lo que incluye a una agencia pública, el cumplimiento de un acto que esté dentro de sus atribuciones o deberes. Cód. Enj. Civ., Art. 649, 32 LPRA sec. 3421. **La frase "altamente privilegiado" contenida en el Art. 649,** *supra*, **significa que la expedición del auto no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial**. *AMPR v. Srio. de Educación, E.L.A.*, 178 DPR 253, 266 (2010). En cuanto a lo que constituye un deber ministerial, el Tribunal Supremo ha sostenido que el recurso no confiere una nueva autoridad, sino que "el acto que se intenta compeler mediante este recurso **debe surgir de la ley como un deber ministerial**, que no admita discreción en su ejercicio por parte del demandado". (Énfasis nuestro.) *Díaz Saldaña v. Gobernador*, 168 DPR 359, 365 (2006), que cita a *Noriega v. Hernández Colón*, 135 DPR 406, 448 (1994). La existencia de tal deber puede ser expreso o inferirse del análisis de todos los elementos útiles a la función interpretativa, del examen de la letra de la ley y de la evaluación de todos los elementos de juicio disponibles para así descubrir el verdadero significado y propósito de la disposición legal. *Hernández*

---

[3] Apéndice del recurso, págs. 2-3.
[4] Apéndice del recurso, pág. 5.

*Agosto v. Romero Barceló*, 112 DPR 407, 418 (1982). *A contrario sensu*, si la ejecución del acto que se describe depende de la discreción o juicio del funcionario, tal deber es considerado como no ministerial. *AMPR v. Srio. Educación, E.L.A., supra*, pág. 263*.*

El auto de *mandamus* no podrá dictarse en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Cód. Enj. Civ., Art. 651, 32 LPRA sec. 3423. Cónsono con lo anterior, la Regla 54 de Procedimiento Civil dispone que sólo procede expedir el auto de *mandamus* cuando "el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo […]". 32 LPRA Ap. V, R. 54. La norma establecida por nuestro Tribunal Supremo dispone que, para mover la discreción de un tribunal hacia la expedición de un *mandamus*, no es suficiente que el promovido tenga el deber ministerial alegado, sino que el promovente también debe tener un derecho definido a lo reclamado. *Espina v. Calderón, Juez, y Sucn. Espina, Int.,* 75 DPR 76, 84 (1953). El derecho del promovente y el deber del demandado deben surgir en forma clara y patente. *Hernández Agosto v. Romero Barceló*, *supra*.

A manera de resumen, podemos señalar lo dispuesto por nuestro Tribunal Supremo en el normativo *Dávila v. Superintendente de Elecciones*, 82 DPR 264, 274-275 (1960), en donde se expresó que, para determinar si se expide o no un *mandamus*, se deben tomar en cuenta las siguientes consideraciones:

> • El *mandamus* es el recurso apropiado cuando el peticionario no dispone de otro remedio legal adecuado para hacer valer su derecho y cuando se trate del incumplimiento de un deber ministerial que se alega ha sido impuesto por ley.
> • La solicitud de *mandamus* tiene que ir dirigida contra el funcionario principal encargado del cumplimiento del deber, se levantan cuestiones de interés y el problema planteado requiere una solución pronta y definitiva.
> • El peticionario establece que hizo un requerimiento previo al funcionario para que este realizase el acto cuyo cumplimiento se solicita.
> • El peticionario tiene un interés indiscutible en el derecho que se reclama, distinto al que pueda tener cualquier otro ciudadano.

Por otro lado, el Reglamento del Tribunal de Apelaciones establece en su Regla 55, las pautas formales a seguir a la hora de presentar dicho recurso ante este foro intermedio. Al respecto, expone específicamente lo siguiente:

(A) Cualquier petición para que el tribunal expida un recurso de hábeas corpus o *mandamus* contendrá numeradas, en el orden que aquí se dispone, las partes siguientes: (1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde el recurso en conformidad con la ley y el inciso (G) de esta regla. (2) Un breve resumen de los hechos. (3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición y de las disposiciones de la ley y de la jurisprudencia aplicables. (4) Un argumento de las controversias planteadas. (5) La súplica.

[…]

(J) **La parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes.** Cuando se trate de un recurso de *mandamus* dirigido contra un Juez o Jueza para que éste o ésta cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, el peticionario no tendrá que emplazar al Juez o Jueza de acuerdo con las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos, bastará con que el peticionario notifique al Juez o Jueza con copia del escrito de *mandamus* en conformidad con lo dispuesto en la Regla 13(B) de este Reglamento. También deberá notificar a las otras partes en el pleito que originó la petición de *mandamus* y al tribunal donde éste se encuentre pendiente, en conformidad con la Regla 13(B). (Énfasis nuestro.)

**B.**

Es norma conocida que los tribunales debemos ser celosos guardianes de la jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); véase: *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez v. A.R.PE.*, 128 DPR 513, 537 (1991). No podemos atribuirnos jurisdicción si no la tenemos, así como tampoco las partes en un litigio nos la pueden otorgar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por tanto, cuando un tribunal determina que no tiene la autoridad para atender un

recurso, solo puede así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso tardío, **al igual que uno prematuro**, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre" y, por tanto, debe ser desestimado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo. Cuando ello sucede, debemos aplicar lo dispuesto en el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), que lee como sigue: "[e]l Tribunal de Apelaciones, a **iniciativa propia**, **podrá desestimar un recurso de apelación** o denegar un auto discrecional **por cualesquiera de los motivos consignados en el inciso (B)** precedente". (Énfasis nuestro.) A tales efectos, el inciso (B) de la citada Regla establece los siguientes motivos:

1. **que el Tribunal de Apelaciones carece de jurisdicción**;

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. que no se ha presentado o proseguido con diligencia o de buena fe;

4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; que el recurso se ha convertido en académico. (Énfasis nuestro.) 4 LPRA Ap. XXII-B, R. 83 (B).

### III

El peticionario solicita a este foro intermedio la expedición del auto de *mandamus* con el propósito de que se cumpla con la reinstalación que la CIPA determinó en su decisión y recibir los haberes y salarios dejados de percibir por el tiempo que estuvo expulsado. Sin embargo, no poseemos la jurisdicción necesaria para así hacerlo. Veamos.

Como parte del requisito de un *mandamus* se encuentra entregar dicha solicitud debidamente juramentada y emplazar a todas las partes de acuerdo con lo establecido en las Reglas de Procedimiento Civil. Aunque

el tribunal *a quo* instruyó en su *Resolución* con fecha del 30 de julio de 2024, acreditar fehacientemente la notificación por correo certificado del recurso a la parte recurrida, luego de examinarlo detenidamente, no hallamos que se acreditó el emplazamiento necesario para ejercer nuestra jurisdicción. Además, el juramento anejado al recurso fue otorgado en el estado de Texas y la apostilla que le acompaña explícitamente establece que dicha certificación no es válida en los Estados Unidos, sus territorios o posesiones. Por lo que entendemos no está debidamente juramentado el recurso, lo cual de igual manera nos priva de jurisdicción.

Ahora bien, en la alternativa de que se hayan cumplido con estos requisitos, somos del pensamiento que el caso al cual nos enfrentamos se trata de ejecución de determinación administrativa y no un asunto de ejercer un deber ministerial. Para ello, el Tribunal de Primera Instancia es quien se encuentra en mejor posición para poner en vigor el dictamen de la CIPA.[5]

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *mandamus* por no cumplir con los requisitos reglamentarios y, por consiguiente, carecer de jurisdicción.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Véase *Ortiz Matías v. Mora Development,* 187 DPR 649, 656-657 (2013).