DOMINGO M. GILORMINI NICOLAI, demandante y apelante, *v.* SUCESIÓN DE GUMERSINDA PADILLA Y RIVERA, ETC., demandada y apelada.

Núm. 8824—*Sometido:* Febrero 1, 1944. *Resuelto:* Mayo 5, 1944.

*Tomás Bernardini de la Huerta,* abogado del apelante; *Ubaldo Aponte,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El juicio de este caso se celebró ante el juez sentenciador cuando desempeñaba el cargo de juez de distrito de Guayama.

Antes de dictar sentencia, dicho juez fué nombrado para ocupar igual cargo en la Corte de Distrito de San Juan. Tomó posesión del nuevo cargo y trajo consigo el expediente, dictando la sentencia apelada algún tiempo después y cuando ya había sido nombrado y tomado posesión su sucesor como juez de distrito de Guayama.

El apelante entre otros errores señala en primer término él de falta de jurisdicción para dictar la sentencia. Los apelados alegan en contrario que el juez sentenciador en la fecha en que dictó la sentencia era un juez defacto de la Corte de Distrito de Guayama.

██ El señalamiento de error está bien fundado. No puede existir un funcionario defacto cuando el cargo está siendo ocupado y desempeñado por un funcionario de jure. El señor Cordovés, al tomar posesión como juez de la Corte de Distrito de San Juan, cesó como juez de la de Guayama, y por consiguiente carecía de facultad para dictar la sentencia apelada.

██ Lo corriente en casos como el presente es someter una estipulación al sucesor del juez ante quien se celebró el juicio, para que dicte la sentencia por las constancias del récord. Puede el sucesor en su discreción aprobar la estipulación y dictar la sentencia correspondiente. *Cf. El Pueblo v. Díaz et al.*, 18 D.P.R. 912, y monografías en 54 A.L.R. 952, y 58 A.L.R. 848.

Careciendo como carecía de jurisdicción para dictarla el juez que dictó la sentencia en este caso, *procede revocarla y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*