MARÍA CLEMENCIA ESPINA, peticionaria, *v.* JOSÉ M. CALDE-RÓN, JR., JUEZ SUPERIOR, demandado; SUCESIÓN FRANCISCO ESPINA RIVERA, interventora.

Número 475.

*Sometido:* 4 de junio de 1953. *Resuelto:* 30 de junio de 1953.

*L. Santiago Carmona,* abogado de la peticionaria; *José M. Calderón, Jr., pro se; G. Rivera Cestero,* abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 6 de marzo del presente año María Clemencia Espina acudió ante nos con una solicitud de *mandamus,* en la cual nos pide que ordenemos al Hon. José M. Calderón, Jr., Juez del Tribunal Superior, que resuelva el caso núm. 2997 de la antigua Corte de Distrito de Bayamón.[1] Las alegaciones esenciales de su solicitud son que el referido caso fué visto ante el demandado mientras éste era juez de la citada corte, allá para el 13 de febrero de 1945; que aunque al cesar el demandado como juez de dicho tribunal ese caso no había sido aún resuelto, el demandado fué nombrado poco después juez del Tribunal de Distrito de San Juan; que ella se dirigió al juez Gallardo, sucesor del demandado en el cargo de Juez de la Corte de Distrito de Bayamón, en solicitud de que resolviera el mencionado caso y aquél le contestó que para poder

[1] El caso núm. 2997, supra, es uno de filiación y lleva por título María Clemencia Espina, etc. v. Sucesión de don Francisco Espina y Rivera, compuesta de su viuda Doña Amelia Díaz y de sus hijos Héctor Francisco, Elsa y Amelia Espina y Díaz.

hacerlo necesitaba el récord taquigráfico; que teniendo la impresión el abogado de la peticionaria de que el abogado de la sucesión accedería a firmar una estipulación aprobatoria de la transcripción de evidencia, ella ordenó la preparación de ésta y al estar la misma lista se acercó a dicho abogado, qüien entonces le presentó la excusa de que tal consentimiento tenía que darlo su cliente y ésta se oponía a que el caso fuera sometido para ser resuelto por el juez Gallardo, por lo que ese juez rehusó entender en el mismo; que el abogado de la peticionaria hizo gestiones ante el Procurador General y ante el Gobernador de Puerto Rico a fin de que el demandado resolviera el caso en cuestión, manifestando éste que estaba dispuesto a así hacerlo si el mismo se le sometía con la transcripción de la evidencia; que finalmente el demandado "resolvió que no tenía jurisdicción porque este asunto tenía que ser sometido por las partes de común acuerdo y el récord taquigráfico no se había notificado con copia a la parte contraria," y que lo cierto era que el juez Calderón "vió en juicio este caso hace cerca de ocho años y ha tenido el récord taquigráfico desde hace mucho tiempo en su poder."

Siendo las Reglas de Enjuiciamiento Civil aplicables a recursos de mandamus—véanse la Regla 81 (a) y *Martínez v. Vda. de Morales*, 72 D.P.R. 210—el mismo día expedimos un emplazamiento dirigido al juez demandado, requiriéndole para que compareciera a defenderse dentro del término de ley e indicándole que si así no lo hacía se dictaría sentencia concediendo el remedio que la peticionaria solicitaba.

En su oportunidad el juez demandado presentó una extensa contestación. En ella alega específicamente que no procede se dicte el auto interesado porque la peticionaria no ha solicitado que se reconsidere la resolución de 10 de febrero de 1953 o que se deje la misma sin efecto en todo o en parte; porque la peticionaria tiene a su alcance remedios suficientes en el curso ordinario de la ley, tales como apelación, *certiorari*, etc.; porque él fué nombrado Juez de Distrito de Bayamón el 26 de enero de 1945 y ocupó ese cargo hasta el día

15 de junio siguiente, cuando cesó como tal, habiéndose visto el referido caso en la fecha indicada, pero no siendo hasta el 7 de junio de 1945, o sea hasta ocho días antes de aquél en que cesó como Juez de aquella corte, que ese caso quedó sometido para su decisión; que algún tiempo después de cesar en el cargo de Juez de Distrito de Bayamón él fué nombrado para el de Procurador General Auxiliar y Administrador de Cortes, el cual ocupó hasta el 8 de mayo de 1947; y que el 9 de mayo de ese año fué designado para el cargo de Juez del Tribunal de Distrito de San Juan, el que a virtud de legislación posterior se convirtió primero en el de Juez del Tribunal de Distrito de Puerto Rico y luego en el de Juez del Tribunal Superior de Puerto Rico, [2] que es el cargo que en la actualidad desempeña; que desde el año 1949 manifestó por escrito al Procurador General de Puerto Rico que no tenía inconveniente alguno en resolver el indicado caso si las partes estipulaban someterlo a su consideración y se le enviaba la transcripción de la evidencia, habiendo estado en todo momento dispuesto a así hacerlo siempre que se cumpliera con esas condiciones; que en 5 de diciembre de 1951 la peticionaria radicó una moción solicitando se resolviera dicho caso y seis días más tarde él señaló la vista de esa moción para el 10 de enero de 1952; que en 18 de diciembre la peticionaria radicó una llamada moción de reconsideración, que fué señalada para verse el 18 de enero siguiente; que en 10 de enero compareció la sucesión demandada alegando que no había sido notificada de la moción de 18 de diciembre y además que había otra moción señalada para el 18 de enero, y debido a esa situación se transfirió la vista para el último día indicado, fecha en la cual compareció la demandante representada por otro abogado, por hallarse enfermo el abogado de récord de aquélla, y las demandadas por el suyo; que las partes estuvieron de acuerdo en considerar la llamada moción de reconsideración

---

[2] Véanse la Ley núm. 432 de 15 de mayo de 1950 (pág. 1127) y la Ley núm. 11 de 24 de junio de 1952 (Ses. Ext., pág. 31.)

radicada por la demandante el 18 de diciembre de 1951 como una moción para que se dictara sentencia en el caso, y él concedió entonces un término de diez días alternados a las partes para radicar sendos memorándum; que estos memorándum no fueron radicados y en 10 de febrero de 1953(³) él resolvió que no podía fallar el aludido caso civil 2997 porque las partes no habían estipulado someterlo nuevamente ante él para su resolución, citando el caso de *Gilormini* v. *Sucn. Padilla*, 63 D.P.R. 604. También alega el demandado en su contestación que el caso de referencia se halla en la Sala de San Juan del Tribunal Superior de Puerto Rico a virtud de resolución dictada en 10 de mayo de 1951 por el Hon. Fernando Gallardo Díaz, de conformidad con la sugestión héchale por este Tribunal Supremo en *Rivera* v. *Corte*, 71 D.P.R. 953, 963.

La sucesión demandada solicitó de nosotros que la autorizáramos a intervenir en el recurso. Su moción vino acompañada de un extenso escrito en el cual contesta específicamente todas y cada una de las alegaciones de la solicitud, en forma parecida a como lo hace el juez demandado. La intervención solicitada fué concedida por nosotros, ordenándose

(³) La resolución dictada en 10 de febrero de 1953 por el juez demandado figura en autos y reza así:

"La parte demandante radicó una moción de reconsideración ante el Juez suscribiente, aclarándose luego que el alcance de dicha moción consiste en que el proveyente resuelva el presente caso en su fondo por haberlo visto en juicio celebrado en Bayamón mientras ocupaba el cargo de juez de dicha corte. Se trata, pues, de una moción radicada por la parte demandante y no de una estipulación sometida por ambas partes.

"Los abogados de la parte demandada se oponen a lo propuesto por la parte promovente de que se someta este caso por el récord taquigráfico obrante en autos y del cual no se les ha notificado con copia del mismo.

"Ambas partes ofrecieron radicar memorándum en apoyo de sus respectivas contenciones lo cual no han hecho a esta fecha.

"Como una de las partes no consiente en que el caso sea sometido por el récord taquigráfico, de acuerdo con lo resuelto en el caso de *Gilormini* v. *Sucn. Padilla*, 63 D.P.R. 604, no podemos proceder a resolverlo conforme a lo que pretende la parte demandante.

"Por los fundamentos expuestos se resuelve no haber lugar a lo solicitado."

a la vez que la contestación presentada por la interventora permaneciera en autos.

El recurso fué visto ante nos el día 4 de junio del presente año. La demandante sometió el mismo para su decisión por el memorándum y por los documentos a éste acompañados, mientras que tanto el juez demandado como el abogado de la interventora comparecieron e informaron verbalmente.

■■ Cierto es que con frecuencia hemos resuelto que de ordinario no procede dictarse un auto de mandamus cuando el peticionario no alega requerimiento previo al funcionario u organismo recurrido para que actúe en la forma que se solicita se le ordene actúe—*Suárez* v. *Corte*, 65 D.P.R. 850 y casos citados a la pág. 857—mas en este caso era innecesario alegar tal requerimiento en palabras específicas, toda vez que del contexto de la solicitud se desprende de manera palmaria que al demandado se le requirió para que resolviera el caso en cuestión y que su negativa a así hacerlo fué precisamente lo que dió lugar a la presentación de la petición que ahora está ante nos. Tampoco era necesario que se solicitara la reconsideración de la resolución denegatoria. Ello hubiera sido un acto fútil, puesto que el demandado sabía claramente de qué se trataba y en repetidas ocasiones se había expresado en términos similares a los contenidos en su resolución.

Según ya se ha dicho, por razón de haber cesado en su cargo de Juez de Distrito de Bayamón, el demandado no pudo resolver el caso de filiación mencionado. Al nombrársele para el cargo administrativo que hasta el 8 de mayo de 1947 ocupó en la oficina del Procurador General, él hubiera podido decidir el caso si oportunamente se le hubiera hecho un nombramiento como Juez Interino de la Corte de Distrito de Bayamón y el mismo le hubiese sido sometido por estipulación de las partes. Empero, el resolverlo bajo tales condiciones hubiera sido un acto discrecional de su parte. *Gilor-*

*mini* v. *Sucn. Padilla*, supra. Cuando en 9 de mayo de 1947 se le designó para el cargo de Juez del Tribunal de Distrito de San Juan su situación respecto al indicado caso era similar a la existente cuando desempeñaba el cargo administrativo de referencia, o sea que no siendo Juez de Distrito de Bayamón sólo podía resolverlo bajo las condiciones expuestas. Y cuando posteriormente y a virtud de la Ley 432 de 15 de mayo de 1950, pág. 1127, se aprobó la Ley Orgánica de la Judicatura de Puerto Rico y se constituyó el territorio de esta isla en un solo distrito judicial, el juez demandado tenía, al igual que en la actualidad tiene a virtud de la Ley 11 de la Judicatura del Estado Libre Asociado de Puerto Rico de 24 de julio de 1952, (Ses. Ext., pág. 31), discreción, pero no deber ministerial, asimismo, para resolver el citado caso. A *contrario sensu*, tanto cuando desempeñaba el referido cargo administrativo en la oficina del Procurador General, como al desempeñar posteriormente los cargos de Juez del Tribunal de Distrito de San Juan, de Juez del Tribunal de Distrito de Puerto Rico, Sección de San Juan, y de Juez del Tribunal Superior de Puerto Rico, Sala de San Juan, no existía para él deber ministerial alguno de resolver el mencionado caso. Para él ese deber ministerial sólo existió mientras fué Juez de Distrito de Bayamón. Y ya sabemos que el demandado cesó en ese cargo el día 15 de junio de 1945. El demandado se encuentra en la actualidad, en lo que a ese caso respecta, en la misma situación que la de cualquier otro Juez Superior a quien el caso pudiera serle sometido para resolución por los autos.

Por regla general, el juez que ha visto un caso debe estar disponible para resolver el mismo. *Cf. Pueblo* v. *Soto*, 73 D.P.R. 55. Nadie está en mejores condiciones que él para decidirlo, ya que ha podido apreciar la forma de declarar de los testigos y ha notado sus gestos y ademanes. Desde luego, para que esa forma de declarar y esos gestos y ademanes puedan ser considerados debidamente por el juzgador, resulta siempre conveniente y deseable que los casos

sean resueltos con toda prontitud. (⁴) Si antes de resolverse un caso transcurre un término relativamente largo, las probabilidades son que el juzgador, que en el ínterin sin duda ha visto un crecido número de casos de variada naturaleza, haya olvidado no sólo las declaraciones prestadas por los testigos que ante él desfilaron en el caso, sino también la forma en que lo hicieron y el crédito que cada uno le merecía. En semejantes casos el juzgador se encuentra casi en las mismas condiciones que cualquier otro juez a quien se le somete un asunto para su resolución por la transcripción de la evidencia.

Si al cesar el demandado como Juez de Distrito de Bayamón a la peticionaria no le fué posible lograr que el caso se resolviera por él—haciéndose un nombramiento de juez sustituto a su favor y sometiéndole el mismo por estipulación—fácil hubiera sido para ella lograr que el caso se viera nuevamente ante otro juez en propiedad. (⁵) Sin embargo, aunque alega haber hecho gestiones administrativas para lograr su deseo al efecto de que el caso se resolviera, ella nunca se valió de un remedio que en aquel entonces le hubiera sido fácil lograr—cual era el de un nuevo juicio—que hubiera culminado en la pronta resolución del caso. (⁶)

---

(⁴) La núm. 10 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico dispone que:

"Excepto cuando la naturaleza del asunto o alguna causa extraordinaria haga necesario un término mayor, los casos contenciosos se resolverán dentro de cuarenta y cinco (45) días y los demás asuntos judiciales dentro de quince (15) días, ambos términos contados a partir de la fecha en que el asunto quedó sometido al Tribunal."

(⁵) Decimos esto porque la peticionaria alega que el juez en propiedad del Tribunal de Distrito de Bayamón se negó a decidir el caso debido a que las partes no quisieron sometérselo por estipulación.

(⁶) En respuesta a la contención del demandado y de la interventora de que la peticionaria en este caso podía apelar de la resolución de 10 de febrero de 1953, diremos que no creemos que tal resolución denegatoria sea apelable. Véase el artículo 295 del Código de Enjuiciamiento Civil.

Por otra parte también diremos que la expedición de un auto de certiorari es siempre discrecional.

El auto de mandamus no procede cuando el peticionario ha tenido a su alcance otros remedios. *Suárez* v. *Corte*, 65 D.P.R. 850, 859; *Peña* v. *Flores*, 58 D.P.R. 772; *Montalvo* v. *Teatro Caborrojeño*, 35 D.P.R. 785; *El Pueblo* v. *Arrillaga*, 30 D.P.R. 952; *Quiñones* v. *Foote y Ana María Sugar Co.*, 23 D.P.R. 351; *Ortiz* v. *Muñoz*, 19 D.P.R. 850; *Giménez* v. *Corte*, 9 D.P.R. 296.

El recurso de mandamus sólo procede para exigir el cumplimiento de un deber impuesto por la ley, es decir de un deber calificado de "ministerial". *Pueblo* v. *La Costa, Juez*, 59 D.P.R. 179; *Rodríguez Carlo* v. *García Ramírez*, 35 D.P.R. 381; *Pagán* v. *Towner*, 35 D.P.R. 1; *Pueblo* v. *Arrillaga*, supra; *Pacheco* v. *Cuevas Zequeira*, 27 D.P.R. 205. El demandado no tiene en la actualidad, en lo que a dicho caso respecta, deber alguno impuéstole por la ley. De resolver ese caso lo haría tan sólo ejercitando su discreción, luego de sometérsele la transcripción de la evidencia y el legajo de sentencia, acompañados de una estipulación de las partes suplicándole que decida el mismo. Ése sería, repetimos, un acto discrecional de su parte, y es sabido que el auto de mandamus no procede cuando el querellado tiene discreción para cumplir el acto cuyo cumplimiento de él se interesa. *Rodríguez Carlo* v. *García Ramírez*, supra; *Pacheco* v. *Cuevas Zequeira*, supra.

Además, el auto interesado únicamente procede cuando el derecho del peticionario es claro. *Balasquide* v. *Luján*, 45 D.P.R. 563; *Sucrs. De A. Mayol & Co.* v. *McLeod, Auditor*, 44 D.P.R. 34. En este caso no lo es.

*Debe declararse sin lugar la solicitud.*