HÉCTOR VÉLEZ DE JESÚS, demandante y recurrente, *v.* HON. JUAN RIVERA VARGAS, ALCALDE del MUNICIPIO DE QUEBRADILLAS y OTROS, demandados y recurridos.

*Número:* RE-94-135           *Resuelto:* 9 de mayo de 1994

*Luis A. Rivera Lacourt*, abogado del recurrente.

## RESOLUCIÓN

A la solicitud de revisión, *no ha lugar*. En este caso el Art. 12.022 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4572), dispone que los expedientes individuales de los empleados tendrán carácter confidencial. Siendo ello así, como norma general el demandante no tiene derecho a solicitar una copia de los contratos por no ser un documento público de acceso a los ciudadanos. Concurrimos con el tribunal de instancia al señalar que "[o]bviamente los nombramientos de todo empleado municipal, ya sea de carrera, de confianza, transitorio o irregular es parte del historial de trabajo de éste; y de conformidad con el Artículo 12.022 antes citado, es parte de su expediente de personal, que debe mantenerse bajo la custodia del Administrador de Recursos Humanos del municipio, con carácter confidencial". Anejo 2, págs. 4–5. Añade acertadamente el tribunal de instancia que "[s]omos de opinión que los expedientes de personal de los empleados municipales caen bajo la salvedad aquí establecida; y que, por otro lado, les cobija la confidencialidad establecida en el Artículo 12.022, *supra*". Íd., pág. 5.

Por lo tanto, al no existir el derecho del demandante como ciudadano a obtener una copia de dichos contratos,

debido a que la ley los cataloga como confidenciales, no existe entonces un deber ministerial de parte de los funcionarios del municipio a entregarle una copia de los referidos documentos referidos. De ello resulta entonces que no proceda la expedición del *mandamus*, debido a que la solicitud no pide el cumplimiento de un deber ministerial expreso y particularmente ordenado por la ley. Véanse: *Noriega v. Hernández Colón*, 135 D.P.R. 406 (1994); *Álvarez de Choudens v. Tribunal Superior*, 103 D.P.R. 235 (1975); *Espina v. Calderón, Juez, y Sucn. Espina, Int.*, 75 D.P.R. 76 (1953).

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió un voto disidente, al cual se unió el Juez Asociado Señor Fuster Berlingeri. El Juez Presidente Señor Andréu García no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
Secretario General

– O –

Voto disidente del Juez Asociado Señor Negrón García, al cual se une el Juez Asociado Señor Fuster Berlingeri.

I

Héctor Vélez De Jesús, asambleísta municipal del Municipio de Quebradillas por el Partido Independentista Puertorriqueño (P.I.P.), cuestiona la negativa del Tribunal Superior, Sala de Arecibo (Hon. Emilia M. Román Nevárez, Juez), a ordenarles al Alcalde, Sr. Juan Rivera Vargas, y a la Directora Interina de Recursos Humanos, Sra. Natividad Cruz Soto, la entrega de una copia de los contratos de

los empleados irregulares del Departamento de Recreación y Deportes municipal.

El ilustrado foro de instancia se fundamentó en que Vélez De Jesús no había planteado ante el pleno de la Asamblea Municipal "cualquier inquietud que tuviera referente a los contratos" (Sentencia, pág. 3) y, además, que éstos son confidenciales pues forman parte de los expedientes de los empleados públicos. Art. 12.022 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, (21 L.P.R.A. sec. 4572).

Ante nos, Vélez De Jesús reproduce su reclamo para argumentar que el derecho a examinar dichos contratos surge del Art. 8.017 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4367), y en virtud de sus facultades fiscalizadoras como asambleísta municipal minoritario de la obra del poder ejecutivo. Tiene razón.

## II

Por su analogía con el esquema constitucional Ejecutivo-Asamblea *Legislativa*, la relación Alcalde-Asamblea *Municipal* genera una legitimación activa en todo asambleísta, que trasciende el simple papel de meros espectadores; a fin de cuentas, nuestra Constitución concede expresamente a las minorías la tarea de fiscalizadores.

¿Cómo podía el asambleísta Vélez De Jesús plantear ante el pleno de la Asamblea su "inquietud" si se le negó examinar esos contratos? Si la Asamblea no hubiese acogido su pedido, ¿hubiese terminado ahí el asunto? Nos resulta difícil compartir ese razonamiento circular.

Pretender que el derecho de un asambleísta de minoría sólo se configure en virtud de un acuerdo mayoritario, es negarle a priori toda posibilidad de una fiscalización vigorosa, eficiente y oportuna. La experiencia reciente en el

panorama gubernamental puertorriqueño refleja una constante renuencia de los poderes y funcionarios públicos a reconocerle acceso a las minorías para esta clase de asuntos.

Por último, coincidimos con el tribunal de instancia de que los contratos, por formar parte integrante de los expedientes, son confidenciales. Sin embargo, esa confidencialidad es, en su origen, una limitación al escrutinio público; no significa que otros funcionarios —como el aquí recurrente— por su condición de asambleísta y en el descargo legítimo de esa función, esté legalmente impedido de examinarlos.