ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ÁNGEL PIZARRO RAMOS, <br><br> Apelante, <br><br> v. <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN; JANEIRI BURGOS ROSARIO, <br><br> Apelada. | KLAN202500254 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Guayama. <br><br> Civil núm.: GM2024CV00268. <br><br> Sobre: *mandamus*; daños y perjuicios. |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 14 de mayo de 2025.

El señor Ángel Pizarro Ramos (señor Pizarro) instó el presente recurso de apelación el 27 de marzo de 2025. Nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 28 de febrero de 2025. Mediante el referido dictamen el foro *a quo* acogió la solicitud de desestimación presentada por el Estado Libre Asociado, su Departamento de Corrección y Rehabilitación (DCR), y en representación de la señora Janeiri Burgos Rosario (señora Burgos). Consecuentemente, desestimó, con perjuicio, la demanda instada por el señor Pizarro por carecer de jurisdicción para atenderla.

Por los fundamentos expuestos a continuación, **confirmamos** la sentencia apelada.

I

El 11 de abril de 2024, el señor Pizarro, por derecho propio e *in forma pauperis*, presentó ante el Tribunal de Primera Instancia una demanda

Número identificador

SEN2025_____

sobre *mandamus* y daños y perjuicios contra la parte apelada del título[1] (en conjunto, DCR). En síntesis, alegó que el DCR había incidido al declarar con lugar la querella disciplinaria núm. 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, por abuso o mal uso de privilegios, instada en su contra por la señora Janeiri Burgos (señora Burgos), oficial del puesto de correos en la institución correccional de Guayama, donde está confinado el señor Pizarro.

Relató que la referida querella y la sanción impuesta[2] surgieron luego de que la señora Burgos abriera una correspondencia que el señor Pizarro pretendía enviar fuera de la institución correccional, y encontrara un billete de $20.00, lo que constituye contrabando. El señor Pizarro negó que hubiera puesto el billete de $20.00 en la carta intervenida.

Además, adujo que no se encontraba presente en el momento en que la señora Burgos abrió su correspondencia, lo cual violó sus derechos y el reglamento aplicable. Finalmente, sostuvo que la sanción impuesta por el DCR afectó su salud mental, por lo que solicitó que se desestimara la determinación del DCR y se le condenara a un pago de $100,000.00, por concepto de daños y perjuicios.

Tras varias incidencias procesales, el 7 de octubre de 2024, el DCR presentó una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V[3]. En particular, señaló que el Tribunal de Primera Instancia carecía de jurisdicción toda vez que el señor Pizarro no había agotado los remedios administrativos disponibles. Refirió que, luego de celebrada una vista administrativa ante un oficial examinador, este emitió una *Resolución* el 4 de marzo de 2024, y validó la sanción administrativa que se le había impuesto al señor Pizarro. Arguyó que el dictamen aludido no solo contenía los apercibimientos correspondientes

---

[1] *Véase*, apéndice del recurso, a las págs. 11-14. **Resaltamos que la referida demanda no fue juramentada conforme lo exige la Regla 54 de Procedimiento Civil**, 32 LPRA Ap. V.

[2] La sanción impuesta al señor Pizarro fue la suspensión del privilegio de comisaría (excepto artículos de higiene personal), recreación activa, visita, actividades especiales y cualquier otro privilegio que se le pudiera conceder en la institución en que ubica; ello, por el periodo de sesenta (60) días calendarios. *Íd.*, a la pág. 43.

[3] *Íd.*, a las págs. 17-37.

para presentar la reconsideración y la posterior revisión judicial, sino que fue entregada a, y firmada como recibida por, el señor Pizarro al día siguiente.

El 18 de octubre de 2024, el señor Pizarro, por conducto del abogado de oficio que le fue asignado por el tribunal[4], presentó su oposición a la moción de desestimación[5]. Sostuvo que el foro primario no debía desestimar su reclamación en virtud de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, toda vez que la privación a un litigante de su día en corte debía ser reservada para casos extremos.

En cuanto a la doctrina de agotamiento de remedios administrativos que invocaba el DCR, el señor Pizarro arguyó que no era aplicable al caso, pues esta solo procedía cuando algún asunto se encontraba pendiente ante alguna agencia administrativa. De otra parte, señaló que la notificación de la *Resolución* emitida por el DCR había sido inadecuada. En específico, resaltó que al señor Pizarro nunca se le advirtió sobre su derecho a recurrir ante este Tribunal de Apelaciones conforme lo exige la Sección 3.14 de la Ley Núm. 38-2017, según enmendada, intitulada *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9654.

Sometido el asunto, el 28 de febrero de 2025, el Tribunal de Primera Instancia notificó a las partes su *Sentencia*[6]. Al desestimar la demanda, el foro *a quo* concluyó que el señor Pizarro no tenía derecho a remedio alguno. Además, expresó que no resultaba necesario atender el planteamiento esbozado por el señor Pizarro sobre la notificación defectuosa, por considerar que no alteraría su decisión, ni le otorgaría jurisdicción para entender en el reclamo objeto de la demanda.

---

[4] *Véase*, apéndice del recuso, a las págs. 15-16.

[5] *Íd.*, a las págs. 39-46.

[6] *Íd.*, a las págs. 1-10.

Inconforme con la determinación del foro primario, el 27 de marzo de 2025, el señor Pizarro instó este recurso y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al desestimar la causa de acción por concluir que la determinación del foro administrativo advino final y firme, por no haber sido reconsiderada ante la agencia y no haber agotado los remedios administrativos.
>
> Erró el Tribunal de Primera Instancia al desestimar la causa de acción por concluir que el Tribunal de Primera Instancia no tenía jurisdicción para atender la reclamación del demandante.
>
> Erró el Tribunal de Primera Instancia al desestimar la causa de acción por concluir que la demanda dejaba de exponer una acción que justificara la concesión de un remedio.

El 28 de abril de 2025, el DCR y la señora Burgos, representados por la Oficina del Procurador General, presentaron su alegato en oposición.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla reza como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) dejar de acumular una parte indispensable.

(Énfasis nuestro).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189

DPR 1033, 1049 (2013). Por tanto, la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Así pues, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR, a la pág. 505. Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

B

El auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. *AMPR v. Srio. Educación, E.L.A*, 178 DPR 253, 263 (2010). El *mandamus* está concebido para obligar a cumplir un acto que la ley particularmente ordena como un deber resultante de un empleo, cargo o función pública, **cuando este deber no admite discreción en su ejercicio, sino que es ministerial**. *Íd.* Véase, además, 32 LPRA sec. 3422; *Espina v. Calderón*, 75 DPR 76 (1974). Por ende, el recurso solo procede para exigir el cumplimiento de un deber calificado de ministerial y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *AMPR v. Srio. Educación, E.L.A.*, 178 DPR, a la pág. 264.

De otra parte, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, dispone que el auto de *mandamus*, fuere perentorio o alternativo, podrá obtenerse **al presentar una solicitud jurada al efecto**. Así mismo aclara que, cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna

excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. De prosperar la solicitud de *mandamus*, el tribunal celebrará una vista, en la cual recibirá prueba, si resultara necesario, y dictará su decisión prontamente. Finalmente, la Regla 54 de Procedimiento Civil establece que se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden.

C

Con el fin de establecer las normas y procedimientos de la correspondencia de las personas privadas de su libertad en las instituciones correccionales en la jurisdicción del Departamento de Corrección y Rehabilitación se promulgó el *Reglamento de normas para regir la correspondencia de los miembros de la población correccional en instituciones correccionales y programa de la Administración de Corrección,* aprobado el 24 de octubre de 2008, efectivo el 22 de noviembre del mismo año (Reglamento 7594).

En su Artículo IV, el referido reglamento define el *contrabando* como cualquier materia, sustancia u objeto no autorizado por la ley, por la reglamentación del Departamento de Corrección y Rehabilitación o por las normas de la institución. En lo pertinente, establece que se **considerará contrabando, entre otros, el dinero en efectivo**. El Artículo IV también define lo que constituye *correspondencia general*; a decir, cualquier correspondencia que recibe o envía un miembro de la población correccional, excepto aquella correspondencia que se define como privilegiada o especial. En cuanto a la *correspondencia general*, añade que "esta podrá ser abierta e inspeccionada por el personal asignado a estas labores". *Íd.*

De otra parte, en su Artículo VIII, el Reglamento 7594 establece que **el personal designado para ello abrirá e inspeccionará toda correspondencia general que se envíe de o se reciba en una**

**institución correccional.** A su vez, dispone que la correspondencia general podrá ser leída, a discreción del personal designado, o de ser requerido por cualquier autoridad correccional, cuando se estime necesario por razones de seguridad institucional. Artículo VIII, el Reglamento 7594, Artículo VIII. Asimismo, podrá ejercer su discreción para monitorear a la persona confinada que confronte algún problema de disciplina institucional. *Íd.*

D

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601-9713, en lo pertinente al recurso de revisión judicial, establece que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia […].

Sec. 4.2 de la LPAUG, 3 LPRA sec. 9672. (Énfasis nuestro).

Por tanto, cónsono con la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, según enmendada, en su Art. 4.002 y 4.006(c), 4 LPRA secs. 24(u) y 24(y)(c), una vez el ente administrativo emite su determinación final, la parte afectada podrá comparecer ante este foro intermedio, mediante un recurso de revisión judicial.

De otra parte, en cuanto a las órdenes o resoluciones finales, la LPAUG dispone en su Sec. 3.14 que estas advertirán a la parte del derecho a solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones. Además, debe advertir sobre las partes a ser notificadas del recurso de revisión, con expresión de los términos correspondientes. **Solo cumplido este requisito comenzarán a correr dichos términos**. 3 LPRA sec. 9645

E

En nuestro ordenamiento jurídico la persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo. Art. 1536 del

Código Civil de Puerto Rico, 31 LPRA sec. 10801. Para que prospere una reclamación por daños y perjuicios al amparo del Art. 1536, la parte demandante tiene que demostrar la concurrencia de los siguientes elementos: (1) el acto o la omisión culposa o negligente; (2) la relación causal entre el acto o la omisión culposa o negligente y el daño ocasionado; y, (3) el daño real causado al reclamante. *Nieves Díaz v. González Massas*, 178 DPR 820, 843 (2010).

Sobre dicho precepto, en *Santiago v. Sup. Grande*, 166 DPR 796, 807 (2006), el Tribunal Supremo de Puerto Rico expresó, con relación al Art. 1802 del derogado Código Civil de 1930[7], que todo perjuicio material o moral conlleva su reparación si concurren tres elementos básicos: (1) la presencia de un daño físico o emocional en el demandante; (2) que este haya surgido a raíz de un acto u omisión culposa o negligente del demandado, y (3) que exista un nexo causal entre el daño sufrido y el acto u omisión.

III

Mediante su primer señalamiento de error, el señor Pizarro adujo que el Tribunal de Primera Instancia erró al desestimar su causa de acción y concluir que la determinación del foro administrativo había advenido final y firme, en la medida en que no había agotado los remedios administrativos disponibles. A su vez, mediante los demás señalamientos de error, el señor Pizarro aduce que el foro *a quo* incidió al desestimar su demanda, luego de declarar que no tenía jurisdicción para atender la reclamación instada, así como que la demanda dejaba de exponer una acción que justificara la concesión de un remedio.

Por estar intrínsecamente relacionados, discutiremos los referidos señalamientos de error en conjunto.

El señor Pizarro se limitó a argüir que no procedía la aplicación de la doctrina de agotamiento de remedios y a reiterar que, conforme las

---

[7] El Art. 1802 del Código Civil de Puerto Rico, 31 LPRA sec. 5141, precede el actual Art. 1536 del Código Civil de Puerto Rico, 31 LPRA sec. 10801. No obstante, la interpretación que en su momento hiciera el Tribunal Supremo de Puerto Rico es aplicable a la controversia que atendemos.

alegaciones bien hechas de la demanda, interpretadas liberablemente a su favor, el Tribunal de Primera Instancia no podía concluir que este no tuviera disponible remedio alguno. Máxime al considerar que, por estar privado de su libertad, no había tenido acceso a la asesoría legal necesaria para redactar una demanda con mayor precisión y claridad.

Por su parte, el DCR arguyó que el Tribunal de Primera Instancia había actuado correctamente al determinar que no era el foro con jurisdicción para revisar su determinación administrativa.

Examinadas las sendas posturas de las partes, así como la sentencia apelada a la luz de la normativa aplicable, adelantamos que, aunque confirmamos la determinación del Tribunal de Primera Instancia de desestimar la demanda, no coincidimos con los fundamentos en los que basó su decisión. Nos explicamos.

El foro primario no debió apoyarse en el hecho de que el señor Pizarro no había agotado los remedios administrativos. Lo anterior, debido a que, examinada la resolución emitida por el foro administrativo, resulta evidente que esta no cumplió con lo dispuesto en la Sec. 3.14 de la LPAUG, 3 LPRA sec. 9654. En particular, notamos que al señor Pizarro no se le apercibió sobre su derecho a recurrir ante este Tribunal de Apelaciones, ni del término para así hacerlo.

Ahora bien, el foro primario actuó correctamente al desestimar la demanda instada. En primer lugar, no podemos perder de perspectiva que el señor Pizarro presentó ante el Tribunal de Primera Instancia un recurso de *mandamus*, conjuntamente a una reclamación por daños y perjuicios.

En cuanto a la causa de acción relacionada con el auto de *mandamus*, fuere perentorio o alternativo, esta solo hubiera podido prosperar si el señor Pizarro hubiera presentado una solicitud jurada al efecto. No obstante, el señor Pizarro incumplió con ese requisito.

Adicionalmente, examinada la demanda instada, concluimos que esta no cumplía con los requisitos para que el foro primario ordenase la inmediata ejecución de algún acto, u ordenara perentoriamente la

concesión de algún remedio. Ello, pues la supuesta demanda de *mandamus* carece de alegaciones a esos efectos[8]. Así pues, acorde con el derecho aplicable, no procedía expedir un auto de *mandamus*.

Por otro lado, según discutimos, al disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales venimos obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante.

En este caso, surge que el señor Pizarro presentó una demanda relacionada con la resolución emitida por el DCR y las sanciones impuestas. En particular, alegó que la señora Burgos, oficial de correos en la institución correccional de Guayama, había violado sus derechos y los reglamentos aplicables al abrir su correspondencia general sin su presencia. **En virtud de lo anterior, adujo que había sufrido daños emocionales, que valoró en $100,000.00.**

Aun utilizando el estándar establecido por la jurisprudencia en el análisis de una moción desestimatoria al amparo de la Regla 10.2(5) de Procedimiento Civil, e interpretando las alegaciones de la demanda de la manera más favorable para la parte reclamante, resulta evidente que las actuaciones de la señora Burgos no podían ser consideradas culposas o negligentes. El estudio del Reglamento 7594[9], aplicable a la controversia planteada, revela que la correspondencia general, fuere emitida o recibida por la persona privada de libertad, está sujeta a inspección por el personal designado para ello. Lo anterior, a discreción del personal designado o por requerimiento de cualquier autoridad correccional cuando se estime necesario. Así pues, el Tribunal de Primera Instancia actuó correctamente al desestimar la causa de acción de daños y perjuicios instada por el señor

---

[8] *Véase*, apéndice del recurso, a las págs. 11-14.

[9] *Reglamento de normas para regir la correspondencia de los miembros de la población correccional en instituciones correccionales y programa de la Administración de Corrección,* aprobado el 24 de octubre de 2008, efectivo el 22 de noviembre del mismo año.

Pizarro, dada la ausencia de uno de los requisitos para configurar dicha causa de acción: la acción u omisión culposa o negligente.

IV

En virtud de lo antes expuesto, este Tribunal **confirma** la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 28 de febrero de 2025, que desestimó con perjuicio la demanda instada por el señor Ángel Pizarro Ramos.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones